IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40867
Summary Calendar
_____


BETH L MARTIN, Individually and as Next Friend
of Matthew Jordan Martin, a Minor, and as Personal
Representative for the Estate of James F Martin,
Deceased; MATTHEW JORDAN MARTIN, A Minor; JAMES
F MARTIN, Deceased

                                        Plaintiffs-Appellants

        v.

CITY OF LEAGUE CITY; WILLIAM SCHULTZ; CHRIS REED;
JAIME CASTRO; JAMES MAYNARD, III; ELISABETH HERNANDEZ;
DONNA HACKER; ALBERT DUNAWAY, III; UNKNOWN EMPLOYEES,
OFFICERS AND/OR AGENTS OF CITY OF LEAGUE CITY; RICHARD JAMES
HERNANDEZ, also known as Rick Hernandez

                                        Defendants-Appellees

                    --------------------
            Appeal from the United States District Court
            for the Southern District of Texas, Galveston
                     USDC No. G-98-CV-266
                    --------------------
                        June 14, 2000

Before KING, Chief Judge, and DAVIS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

        Plaintiffs-appellants appeal the dismissal with prejudice of

their federal claims for "failure to state a claim upon which

relief can be granted." FED. R. CIV. P. 12(b)(6). For the

following reasons, we affirm.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the Second Amended Complaint filed in this case, James Martin had a history of mental difficulties. On August 22, 1996, James's wife, Beth Martin, contacted the Emergency Medical Service ("EMS") seeking help for her husband, who was acting irrationally. Before EMS arrived, Defendants-Appellees William Schultz and Chris Reed, two City of League City police officers, arrived at the Martin home. They found James outside in the rain; he appeared disoriented, violent, and incoherent. EMS technicians arrived shortly thereafter and evaluated James. In addition to determining that he was mentally ill, they found signs of intoxication. Schultz and Reed contacted the on-call representative of the Department of Mental Health and Mental Retardation ("MHMR") and spoke to Defendant-Appellee Jaime Castro,[1] who advised them either to file charges against James or take him into protective custody. Schultz and Reed did not follow Castro's suggestion, but instead directed Beth and her minor son, Matthew Martin, to leave their home. Beth and Matthew complied with the officers' direction and left. Unbeknownst to Beth, the officers and EMS technicians left some time later, leaving James alone in the Martin home. When Beth returned home the next day, she discovered that James had committed suicide.

---

[1] Castro asserts that he was not on call for MHMR but was a Deputy Sheriff for the County of Galveston.

Beth filed suit on her own behalf, on behalf of Matthew, and as the personal representative of James's estate ("Appellants") against the city of League City, officers Schultz and Reed, Castro, the EMS technicians, and others, raising federal claims under 42 U.S.C. § 1983 and various state law claims. The complaint was amended twice, and in the process the suit was whittled down, leaving the city, the officers, and Castro as defendants. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the district court dismissed all federal claims with prejudice for failure to state a claim upon which relief could be granted and, additionally, dismissed all state claims without prejudice. Appellants timely appeal.

## II. STANDARD OF REVIEW

We review de novo a dismissal for failure to state a claim, applying the same standard used by the district court: a claim may not be dismissed unless it appears certain that no set of facts can be proved by the plaintiff in support of her claim that would entitle her to relief. Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994); Carney v. RTC, 19 F.3d 950, 954 (5th Cir. 1994). "The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000).

## III. DISCUSSION

3

We note first that Appellants fail to raise an argument concerning a cause of action against Defendant-Appellee City of League City. Any claims against the city are therefore deemed abandoned on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Plaintiffs' federal claims are based upon 42 U.S.C. § 1983.[2] "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution . . . and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994). Appellants here allege violations of James's rights under the Fourteenth Amendment and the Fourth Amendment of the United States Constitution.[3]

First, Appellants argue that they pleaded a Fourteenth Amendment claim based on the theory of state-created danger. According to Appellants, the individual defendants created a

_____

[2] Section 1983 provides, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (Supp. III 1997).

[3] Below, Appellants advanced an additional substantive due process argument premised on a special relationship. They have abandoned that argument on appeal.

4

danger by directing Beth and her son to leave their home and then leaving James alone while he was in a mentally unbalanced state. We have never recognized liability for a violation of substantive due process rights premised on the theory of state-created danger. See Doe v. Hillsboro Indep. Sch. Dist., 113 F.3d 1412, 1415 (5th Cir. 1997) (en banc). Assuming without deciding, however, that the theory is constitutionally sound, the district court did not err in determining that the allegations in the complaint failed to state such a claim. In Doe, we explained that, in order for a plaintiff to succeed under the state-created danger theory, "'[t]he environment created by the state actors must be dangerous; they must know it is dangerous; and, to be liable, they must have used their authority to create an opportunity that would not otherwise have existed for the third party's crime to occur.'" Id. at 1415 (quoting Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 201 (5th Cir. 1994)). There is no indication in the Second Amended Complaint that the officers knew that leaving James alone in the house created a danger that he would commit suicide. Merely alleging that he was violent, incoherent or disoriented is not enough. "The key to the state-created danger cases . . . lies in the state actors' culpable knowledge and conduct in affirmatively placing an individual in a position of danger, effectively stripping a person of [his] ability to defend [him]self, or cutting off potential sources of private aid." Johnson, 38 F.3d at 201 (internal quotation marks omitted). Thus, the officers must have

5

known that James was suicidal before they can be viewed as having placed him in a position of danger.

Appellants also argue that their complaint stated a Fourth Amendment claim premised on the officers' purported unreasonable release of James. They cite no authority, nor have we found one, for the proposition that the Fourth Amendment protects an individual from an unreasonable release by a government agent. Because Appellants have failed sufficiently to allege a violation of rights secured by the Constitution, they have failed to state a claim upon which § 1983 relief can be granted.

## IV. CONCLUSION

Based upon the foregoing, the judgment of the district court dismissing Appellants' federal claims pursuant to Rule 12(b)(6) is AFFIRMED.

6